## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHERYL F. DODSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 08-222J** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | **JUDGE GIBSON** |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER OF COURT

**GIBSON, J.**

### I. SYNOPSIS

This matter comes before the Court on the parties' cross-motions for summary judgment. (Document Nos. 16 & 18). The Court has jurisdiction in this case pursuant to 42 U.S.C. § 1383(c)(3), which incorporates the standards applicable under 42 U.S.C. § 405(g). For the reasons that follow, the Plaintiff's motion for summary judgment will be denied, the Defendant's motion for summary judgment will be granted, and the administrative decision of the Commissioner of Social Security ("Commissioner") presently under review will be affirmed.

### II. PROCEDURAL HISTORY

Plaintiff Cheryl F. Dodson ("Dodson" or "Plaintiff") applied for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act ("Act") [42 U.S.C. §§ 1381-1383(f)] on June 17, 2005, alleging disability as of March 15, 2001 due to high blood pressure, high cholesterol, an enlarged liver, and diabetes/diabetic neuropathy. (R. 897-904). The application was

denied by the state agency on March 30, 2005. (R. 827-31). Plaintiff made a timely request for an

administrative hearing and, on September 14, 2006, Plaintiff appeared with counsel before

Administrative Law Judge Patricia C. Henry (the "ALJ") in Altoona, Pennsylvania and testified at

the hearing. (R. 36-56). Testimony was also taken from Judy Schollaert, an impartial vocational

expert ("VE"). (R. 53-55). In a decision dated October 23, 2006, the ALJ determined that Plaintiff

was not "disabled" within the meaning of the Act. (R. 19-26). The Appeals Council denied

Plaintiff's request for review on July 18, 2008, thereby making the ALJ's decision the final decision

of the Commissioner in this case. (R. 12-14). Plaintiff commenced this action on September 15,

2008, seeking judicial review of the Commissioner's administrative decision. Document No. 1.

Plaintiff and the Commissioner filed motions for summary judgment on May 6, 2009, and June 8,

2009, respectively. Document Nos. 16 & 18. These motions are the subject of this memorandum

opinion.

### III. STANDARD OF REVIEW

This Court's review is limited to determining whether the Commissioner's decision is

supported by substantial evidence. 42 U.S.C. § 405(g); *Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir.

1994). The Court may not undertake a *de novo* review of the Commissioner's decision or re-weigh

the evidence of record. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190 (3d Cir. 1986).

Congress has clearly expressed its intention that "[t]he findings of the Commissioner of Social

Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §

405(g). Substantial evidence "does not mean a large or considerable amount of evidence, but rather

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

2

*Pierce v. Underwood*, 487 U.S. 552, 565,108 S.Ct. 2541, 101 L.Ed.2d 490 (1988)(internal quotation marks omitted). As long as the Commissioner's decision is supported by substantial evidence, it cannot be set aside even if this Court "would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). "Overall, the substantial evidence standard is a deferential standard of review." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004).

In order to establish a disability under the Act, a claimant must demonstrate a "medically determinable basis for an impairment that prevents him [or her] from engaging in any 'substantial gainful activity' for a statutory twelve-month period." *Stunkard v. Sec'y of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988); 42 U.S.C. §§ 423(d)(1), 1382c(a)(3)(A). A claimant is considered to be unable to engage in substantial gainful activity "only if his [or her] physical or mental impairment or impairments are of such severity that he [or she] is not only unable to do his [or her] previous work but cannot, considering his [or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To support his or her ultimate findings, an administrative law judge must do more than simply state factual conclusions. He or she must make specific findings of fact. *Stewart v. Sec'y of H.E.W.*, 714 F.2d 287, 290 (3d Cir. 1983). The administrative law judge must consider all medical evidence contained in the record and provide adequate explanations for disregarding or rejecting evidence. *Weir on Behalf of Weir v. Heckler*, 734 F.2d 955, 961 (3d Cir. 1984); *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981).

The Social Security Administration ("SSA"), acting pursuant to its legislatively delegated

3

rulemaking authority, has promulgated a five-step sequential evaluation process for the purpose of

determining whether a claimant is "disabled" within the meaning of the Act.  The United States

Supreme Court recently summarized this process as follows:

> If at any step a finding of disability or non-disability can be made, the
> SSA will not review the claim further.  At the first step, the agency will
> find non-disability unless the claimant shows that he is not working at a
> "substantial gainful activity."  [20 C.F.R.] §§ 404.1520(b), 416.920(b).
> At step two, the SSA will find non-disability unless the claimant shows
> that he has a "severe impairment," defined as "any impairment or
> combination of impairments which significantly limits [the claimant's]
> physical or mental ability to do basic work activities."  §§ 404.1520(c),
> 416.920(c).  At step three, the agency determines whether the impairment
> which enabled the claimant to survive step two is on the list of
> impairments presumed severe enough to render one disabled; if so, the
> claimant qualifies.    §§ 404.1520(d), 416.920(d).   If the claimant's
> impairment is not on the list, the inquiry proceeds to step four, at which
> the SSA assesses whether the claimant can do his previous work; unless
> he shows that he cannot, he is determined not to be disabled.  If the
> claimant survives the fourth stage, the fifth, and final, step requires the
> SSA to consider so-called "vocational factors" (the claimant's age,
> education, and past work experience), and to determine whether the
> claimant is capable of performing other jobs existing in significant
> numbers in the national economy.    §§ 404.1520(f), 404.1560(c),
> 416.920(f), 416.960(c).

*Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S.Ct. 376, 157 L.Ed.2d 333 (2003)(footnotes omitted).

In an action in which review of an administrative determination is sought, the agency's

decision cannot be affirmed on a ground other than that actually relied upon by the agency in making

its decision.  In *SEC v. Chenery Corp.*, 332 U.S. 194, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947), the

Supreme Court explained:

> When the case was first here, we emphasized a simple but fundamental
> rule of administrative law.  That rule is to the effect that a reviewing

4

> court, in dealing with a determination or judgment which an
> administrative agency alone is authorized to make, must judge the
> propriety of such action solely by the grounds invoked by the agency.  If
> those grounds are inadequate or improper, the court is powerless to affirm
> the administrative action by substituting what it considers to be a more
> adequate or proper basis.  To do so would propel the court into the
> domain which Congress has set aside exclusively for the administrative
> agency.

*Id.* at 196.  The United States Court of Appeals for the Third Circuit has recognized the applicability

of this rule in the Social Security disability context.  *Fargnoli v. Massanari*, 247 F.3d 34, 44, n. 7

(3d Cir. 2001).  Thus, the Court's review is limited to the four corners of the ALJ's decision.

## IV. DISCUSSION

In her decision, the ALJ determined that Plaintiff had not engaged in substantial gainful

activity since the alleged disability onset date. (R. 21).  Plaintiff was found to be suffering from the

severe impairments of diabetes and mild reflux esophagitis. (*Id.*).  Although these impairments were

deemed to be "severe" within the meaning of 20 C.F.R. § 416.920 and Social Security Ruling

("SSR") 85-28, the ALJ concluded that they did not meet or medically equal an impairment listed

in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the "listing of impairments" or, with respect to a single

impairment, a "listed impairment" or "listing"). (R. 22).  In accordance with 20 C.F.R. § 416.945,

the ALJ assessed Plaintiff's residual functional capacity ("RFC")[1] as follows:

> After careful consideration of the entire record, the undersigned finds that
> the claimant has the residual functional capacity to perform work at the
> light exertional level that is limited to occasional postural maneuvers
> such as balancing, c[r]ouching, stooping, bending, climbing.

---

[1]Residual functional capacity is "the most [the claimant] can still do despite [his] limitations." 20 C.F.R. §
416.945(a).

(*Id.*).

The ALJ determined that Plaintiff was unable to perform any of her past relevant work. (R. 24). Plaintiff was born on June 18, 1963, making her forty-two years old as of the date the application was filed, and forty-three years old as of the date of the ALJ's decision. (*Id.*). Plaintiff has at least a high school education and an ability to communicate in English. (*Id.*). The ALJ found that Plaintiff has acquired work skills from past relevant work. (*Id.*). Given the applicable RFC and vocational assessments, the ALJ determined that there are jobs existing in significant numbers in the national economy that Plaintiff could perform. (R. 25). The ALJ concluded that Plaintiff has not been under a "disability" as defined by the Social Security Act since the date her application was filed. (R. 26).

Plaintiff's first challenge to the sufficiency of the ALJ's decision is that the ALJ erred in concluding that Plaintiff did not meet a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, specifically §§ 5.00, 6.00, and 9.00. Plaintiff asserts that in addition to her diabetes and mild reflux esophagitis that the ALJ found to be severe impairments, her anxiety, irritable bowel syndrome, hypertension, urinary tract infections ("UTI"), and obesity somehow qualify her for a listing at step three of the sequential analysis. Plaintiff, however, fails to explicate how her impairments meet or medically equal any of the listings. In order to demonstrate that one of her impairments "matches" a listing, Plaintiff must show that her impairment meets all of the specified medical criteria applicable to that listing. *Sullivan v. Zebley*, 493 U.S. 521, 530, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990). "An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id.* In order to qualify as *per se* disabled by showing that her unlisted impairment or

6

combination of impairments is "equivalent" to a listed impairment, Plaintiff "must present medical findings equal in severity" to the criteria contained within the relevant listing. *Id.* at 531. Plaintiff cannot qualify as *per se* disabled merely by showing that the "overall functional impact of [her] unlisted impairment or combination of impairments" is as severe as that of a listed impairment. *Id.* Moreover, during the course of the administrative proceedings, the burden was on Plaintiff to come forward with evidence establishing her *per se* disability under the criteria contained within the listings at issue. *Williams v. Sullivan*, 970 F.2d 1178, 1186 (3d Cir. 1992).

Plaintiff specifically invokes §§ 5.00, 6.00, and 9.00 of the listings. The ALJ particularly delineated how Plaintiff's impairments do not meet listing 9.08[2] or listing 5.00.[3] Listing 6.00 (Genitourinary Impairments) requires a showing of impairment of renal function due to any chronic renal disease for the durational requirement of 12 months with chronic hemodialysis or peritoneal dialysis or kidney transplantation, persistent elevation of serum creatinine, or reduction of creatinine clearance. 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 6.00-6.06. Plaintiff has produced no evidence that her impairment met the strict requirements of listing 6.00.

Plaintiff seems to invoke the so-called "treating physician rule" recognized by the United States Court of Appeals for the Third Circuit.

---

[2]"Listing 9.08 requires a finding of diabetic neuropathy demonstrated by persistent disorganization of motor functions in two extremities resulting in sustained disturbance of gross and dexterous movements, of gait and station. Claimant testified that she is able to perform light household chores and is able to attend sports games occasionally. Thus she does not meet the strict requirements of Listing 9.08." (R. 22).

[3]"Listing 5.00 Digestive System requires a finding of marked impairment usually do so [sic] because of interference with nutrition, multiple recurrent inflammatory lesions, or complications of disease, such as fistulae, abscesses or recurrent obstruction. The medical evidence does not evidence any of these conditions." (R. 22).

"A cardinal principle guiding disability eligibility determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 ((3d Cir. 2000) (quoting *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)); *see also Rocco v. Heckler*, 826 F.2d 1348, 1350 (3d Cir. 1987). Where the opinion of a treating physician conflicts with that of a non-treating physician, "the ALJ may choose whom to credit but 'cannot reject evidence for no reason or for the wrong reason.'" *Morales*, 225 F.3d at 317 (quoting *Plummer*, 186 F.3d at 429). When choosing to reject a treating physician's opinion, "an ALJ may not make 'speculative inferences from medical reports' and may reject 'a treating physician's opinion outright only on the basis of contradictory medical evidence' and not due to his or her own credibility judgments, speculation or lay opinion." *Morales*, 225 F.3d at 317 (quoting *Plummer*, 186 F.3d at 429). Where there is conflicting evidence, the ALJ must not only discuss evidence that supports his or her determination, but also explain the evidence that he or she rejects. *Cotter*, 642 F.2d at 705 (citing *Dobrowolsky*, 606 F.2d 403); *see also Wisniewski v. Comm'r of Soc. Sec.*, 210 Fed.Appx. 177 (3d Cir. 2006) (clarifying *Cotter*).

It is not instantly clear, however, to which treating physician's opinion Plaintiff is referring. The Court notes, as the Commissioner points out, that the record is devoid of a treating physician's opinion suggestive that Plaintiff meets the requirements of any listed impairment. Plaintiff mentions Dr. Belis, her urologist who treated her UTIs, immediately preceding the section regarding treating source opinions. None of the evidence submitted to the record by Dr. Belis, however, even comes close to suggesting Plaintiff qualified for a listed impairment. Dr. Siripala, Plaintiff's primary care

8

physician, likewise presented no evidence from which a conclusion could be drawn that Plaintiff meets a listing. In fact, Dr. Siripala found no evidence of peripheral neuropathy. (R. 1116). Dr. Belis noted no evidence of obstructive uropathy. (R. 1159). The Court finds no error in the ALJ's evaluation of Plaintiff's treating source opinions.

Moreover, the Court finds that substantial evidence supports the ALJ's conclusion that none of Plaintiff's impairments meets the requirements of a listed impairment at 20 C.F.R. Pt. 404, Subpt. P, App. 1. In *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119-120 (3d Cir. 2000), the United States Court of Appeals for the Third Circuit explained that an administrative law judge's analysis at the third step of the sequential evaluation process must be sufficiently specific to provide for meaningful judicial review. The Court finds that the ALJ has done so here. She specifically identified the listings she considered, and particularized why Plaintiff's impairments did not meet those listings. Plaintiff's contention that she qualifies for listing 6.00 is without merit. The ALJ's step three finding in this case will not be disturbed.

Plaintiff next argues that the ALJ erred in not finding that Plaintiff was disabled based on the cumulative effect of all of her impairments. Plaintiff first asserts that the ALJ improperly found that Plaintiff's subjective statements regarding her limitations were not totally credible. Plaintiff states that medical evidence supports her complaints regarding her anxiety, irritable bowel syndrome, and hypertension, as well as disabling pain. The ALJ determined that Plaintiff's statements were less than fully credible based upon conflicting medical evidence and Plaintiff's activities of daily living. An ALJ is not required to give considerable weight to subjective complaints that are not supported by medical evidence. See *Schaudeck v. Comm's of Soc. Sec. Admin.*, 181 F.3d 429, 433 (3d Cir.

1999). Pursuant to the Commissioner's regulations, "[a]llegations of pain and other subjective symptoms must be supported by objective medical evidence." *Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999) (citing 20 C.F.R. § 404.1529). The Act advises:

> [a]n individual's statement as to pain or other symptoms shall alone not be conclusive evidence of disability . . . ; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that result from anatomical, physiological or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under disability.

42 U.S.C. § 423(d)(5)(A); *Green v. Schweiker*, 749 F.2d 1066 (3d Cir. 1984). The ALJ supported her finding with evidence from the record including no muscle atrophy, no treatment for long term chronic left arm pain, or neuropathy, controlled blood pressure and sugar levels, and no weight loss or loss of appetite due to her irritable bowel syndrome. (R. 23). The ALJ evaluated Plaintiff's self-reported daily activities as being in contradistinction to Plaintiff's claim of total disability. These daily activities included caring for the family dogs, cooking, folding laundry, driving, dusting, vacuuming, and grocery shopping. (*Id.*). In addition, Plaintiff goes out socially, shops, attends church, visits friends and relatives, attend sporting activities, watches television, reads the newspaper, and completes find-a-word puzzles. (*Id.*). The ALJ gave further consideration to the opinion evidence from the consultative expert who concluded Plaintiff's exertional RFC determined Plaintiff was capable of performing medium work activity, although the ALJ did not adopt the opinion and limited Plaintiff to a more restricted RFC. The ALJ observed that no treating physician

or other medical provider opined that Plaintiff is unable to work. (R. 24). The Court finds that the ALJ's credibility determination is based upon substantial evidence and not unreasonable in light of these findings. Moreover, the ALJ has authority to make credibility determinations. *Van Horn v. Schweiker*, 717 F.2d 871, 873 (3d Cir. 1983). "Because he had the opportunity observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." *Shively v. Heckler*, 739 F.2d 987, 989-90. (4th Cir. 1984). The ALJ's credibility determinations need only be supported by substantial evidence on the record. Such determinations are entitled to deference. *S.H. v. State-Operated Sch. Dist. of the City of Newark*, 336 F.3d 260, 271 (3d Cir. 2003). Federal law limits the scope of a district court's ability to review a federal agency's administrative decisions. The factfinder's credibility determination is "virtually unreviewable." *Hambsch v. U.S. Dep't of Treasury*, 796 F.2d 430, 436 (Fed. Cir. 1990). The Court finds no error as to the ALJ's credibility determination with respect to Plaintiff.

Plaintiff next advances another unspecified treating source opinion argument. The gravamen of the argument is ambiguous, but the Court will rest on its analysis above regarding the sufficiency of the ALJ's evaluation of Plaintiff's treating source opinions.

Plaintiff next avers that the ALJ failed to find her irritable bowel syndrome and her frequent UTIs to be severe impairments, and that the ALJ did not adequately consider Plaintiff's obesity.

The ALJ dismissed Plaintiff's allegations of irritable bowel syndrome because the medical records do not reflect that Plaintiff has been diagnosed with this condition. (R. 22). Plaintiff's irritable bowel syndrome is therefore not a "medically determinable impairment" as required by the Act. "[A claimant's] impairment must result from anatomical, physiological, or psychological

11

abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques. A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [a claimant's] statement of symptoms." 20 C.F.R. § 416.908. The ALJ's finding with respect to Plaintiff's irritable bowel syndrome is therefore virtually unassailable.

Likewise, the ALJ properly found that Plaintiff's UTIs were not a severe impairment according to the Act. (R. 21). There is no evidence of record that Plaintiff's UTIs meet the durational requirement to qualify as a disabling impairment under the Act. Additionally, Plaintiff points to no medical evidence of record to support the assertion that her UTIs impede her ability to engage in work activity.

Plaintiff asserts that the ALJ failed to adequately consider her impairment of obesity. In *Rutherford v. Barnhart*, 399 F.3d 546, 552-553 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that an administrative law judge's failure to mention a claimant's obesity does not warrant a remand for further proceedings where the claimant has not expressly relied on his or her obesity as a basis for establishing functional limitations during the course of the administrative proceedings, and where he or she offers only a very generalized assertion that his or her obesity makes basic activities such as standing and walking more difficult than they would otherwise be. The record contains no evidence that Plaintiff relied on her obesity to establish the existence of functional limitations during the course of the administrative proceedings. When she applied for SSI benefits, Plaintiff did not list obesity as one of her impairments. (R. 897). At the hearing, Plaintiff did not attribute any impairments to her obesity. Even now, although Plaintiff argues that the ALJ

failed to adequately assess her obesity, Plaintiff fails to indicate any work-related functions that her obesity impairs. Because Plaintiff never expressly relied on her obesity as a basis for establishing work related limitations, the ALJ made no error in her analysis concerning Plaintiff's obesity. *Rutherford*, 399 F.3d at 552-553.

Accordingly, the Court finds that the ALJ committed no error in concluding that Plaintiff's combination of impairments does not equal a listed impairment. "For a claimant to qualify for benefits by showing that his unlisted impairment, or combination of impairments, is 'equivalent' to a listed impairment, he must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment." *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990)(citing 20 C.F.R. § 416.926(a) (1989))(emphasis in original)(footnote omitted). This Plaintiff has failed to do.

Plaintiff next disputes the ALJ's RFC determination that Plaintiff could perform work at the light exertional level. Plaintiff maintains that the ALJ's RFC finding that she is capable of performing light work is not supported by the medical evidence of record or her activities of daily living. In making her RFC determination, the ALJ supported her finding with the medical evidence and Plaintiff's activities of daily living described above in the section discussing the adverse credibility determination made by the ALJ with respect to Plaintiff. There is no need to belabor the record by reiterating those findings here.

Plaintiff bears the burden of showing that she lacks the RFC ascribed by the ALJ. *See Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999). This Plaintiff has failed to do. Despite alleging that the Plaintiff's impairment limit her functioning to a greater degree than that found by the ALJ in making her RFC determination, Plaintiff points to no medical evidence indicative that Plaintiff

was so limited. Furthermore, the ALJ limited Plaintiff to a greater degree than that found by a consultative expert who concluded that Plaintiff was capable of performing the full range of medium work. The ALJ stated: "There is insufficient evidence to support a finding of debilitating diabetic neuropathy or any other condition that would limit Claimant[] from performing work at the medium exertional level as opined by the state medical expert. However, in an effort to give claimant the benefit of any doubt, the undersigned finds that she is limited to work at the light exertional level with occasional postural maneuvers such as balancing, stooping, kneeling, crouching, crawling, and climbing." (R. 24). Additionally, to accept Plaintiff's argument would require the Court to reweigh the evidence of record and substitute our analysis for that of the ALJ. The Court is not so empowered in these proceedings. *See Monsour Med. Ctr.*, 806 F.2d at 1190. Because the Court finds that the ALJ's RFC determination is supported by substantial evidence and is not unreasonable, that finding will not be disturbed.

Plaintiff asserts that the ALJ's RFC determination is further flawed by the fact that no examining source performed a functional capacity evaluation. Plaintiff is mistaken, however, to the extent that she believes that it was the ALJ's duty to seek such a report from a treating or examining physician. The assessment of a claimant's RFC is first used at the fourth step of the sequential evaluation process, at which point the burden of proof remains on the claimant. 20 C.F.R. § 416.945(a)(5)(I); *Sykes v. Apfel*, 228 F.3d 259, 263 (3d Cir. 2000). The burden does not shift to the Commissioner until the fifth step of the process, at which point the claimant's RFC has already been determined. *Boone v. Barnhart*, 353 F.3d 203, 205 (3d Cir. 2003)("At the fifth step, the Commissioner bears the burden of proving that, considering the claimant's residual functional

14

capacity, age, education, and past work experience, she can perform work that exists in significant numbers in the regional or national economy."). Consequently, the burden was on Plaintiff to submit evidence from treating and examining sources detailing her work related limitations. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391-392 (6th Cir. 1999). Plaintiff points to no evidence which contradicts the ALJ's RFC assessment. The United States Court of Appeals for the Third Circuit has held that an administrative law judge may credit the report of a nonexamining consultant over the report of a treating physician where the report supplied by the treating physician is "internally contradictory." *Jones v. Sullivan*, 954 F.2d 125, 129 (3d Cir. 1991). It follows *a fortiori* that the report of a nonexamining consultant can be credited where, as here, the record contains no contrary evidence from a treating or examining source. This favors the ALJ's RFC assessment all the more so because she limited Plaintiff to a greater degree than the non-examining consultative expert. The ALJ's RFC assessment is supported by substantial evidence.

Plaintiff's final assailment to the validity of the ALJ's decision is that she erroneously concluded that Plaintiff's anxiety, irritable bowel syndrome, and hypertension were not severe impairments at step two of the sequential evaluation. Plaintiff states that these impairments establish more than a slight abnormality and have more that a minimal effect on Plaintiff's ability to work. As per usual, Plaintiff neglects to say how this is so, or offer any evidence contained in the record to support her claim.

The Regulations and the case law address the situation where benefits are denied at step two because an impairment is determined to be non-severe. Plaintiff's case, however, is readily distinguishable for the obvious reason that benefits were denied at step five of the sequential

15

evaluation process, not at step two. The ALJ did find that Plaintiff had the severe impairments of diabetes and mild reflux esophagitis at step two, but found that Plaintiff's allegations of anxiety, irritable bowel syndrome, and hypertension do not have more than a *de minimis* effect on Plaintiff's ability to perform basic work activities. The ALJ then thoroughly conducted the remaining steps of the evaluation process in reaching a determination that Plaintiff is not entitled to the benefits she seeks. This is fully in accordance with the Regulations and applicable case law. Although a finding that an impairment is not severe at step two resulting in a denial of benefits at that stage "is certain to raise a judicial eyebrow,"[4] merely finding that an alleged impairment lacks sufficient severity to be considered synchronously with other severe impairments in reaching a decision is not subject to the same level of lucubration, and the normal deferential standard applies. "The physical or mental impairment must be of a nature and degree of severity sufficient to justify its consideration as the cause of failure to obtain any substantial gainful work." *Bowen v. Yuckert*, 482 U.S. 137, 147 (1987)(citations omitted). Plaintiff bears the burden of proving her impairments are sufficiently severe to satisfy the standard. See *Id.* at 146 n. 5. Plaintiff has not done this. Plaintiff's medical records fail to indicate that Plaintiff's anxiety, irritable bowel syndrome, and hypertension significantly limit her ability to perform basic work activities. The ALJ's findings on this point, therefore, will not be disturbed on this appeal.

---

[4] *McCrea v. Commissioner*, 370 F.3d 357, 361(3d Cir. 2004).

## V.  CONCLUSION

Based on the foregoing analysis, Plaintiff's motion for summary judgment will be denied, the Commissioner's motion for summary judgment will be granted, and the administrative decision of the Commissioner will be affirmed.  An appropriate order shall issue.

BY THE COURT:

March 31, 2010

KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record

17

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CHERYL F. DODSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **CIVIL ACTION NO. 08-222J** |
| | ) |
| **MICHAEL J. ASTRUE,** | )     **JUDGE GIBSON** |
| **COMMISSIONER OF SOCIAL** | ) |
| **SECURITY,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER OF COURT

AND NOW, this 31st day of March 2010, this matter coming before the Court on the

Motion for Summary Judgment filed by the Plaintiff (Document No. 16) and the Motion for

Summary Judgment filed by the Defendant (Document No. 18), IT IS HEREBY ORDERED that

the Plaintiff's Motion for Summary Judgment is **DENIED**, and that the Defendant's Motion for

Summary Judgment is **GRANTED**. The administrative decision of the Commissioner of Social

Security is hereby **AFFIRMED**.

                                    **BY THE COURT:**

                                    **KIM R. GIBSON,**
                                    **UNITED STATES DISTRICT JUDGE**

cc:     All counsel of record